# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

PIONEER EXPLORATION, LLC, )
                                  Plaintiff, )
vs. )   Case No. CIV-10-71-M
NORTHPORT PRODUCTION )
COMPANY, )
                                 Defendant. )

## ORDER

Before the Court is Plaintiff's Motion for Partial Summary Judgment and Brief in Support Thereof [docket no. 15], filed September 20, 2010. On October 11, 2010, defendant filed its response. As this matter is ripe for adjudication, the Court makes its determination.

Plaintiff commenced this action alleging that defendant breached its duties as the operator of plaintiff's oil and gas unit. Specifically, plaintiff asserts that defendant has failed to pay plaintiff its share of proceeds from production of the unit and has failed to account to plaintiff for the production, revenues and expenses pertaining to the unit. Plaintiff now moves for summary judgment in its favor ordering defendant to render an accounting of the unit. Plaintiff also seeks summary judgment on defendant's counterclaim for an accounting and its counterclaim for any unit costs that were incurred by plaintiff's predecessors in interest.

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving

party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed. R. Civ. P. 1." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). At the same time, a summary judgment motion does not empower a court to act as the jury and determine witness credibility, weigh the evidence, or choose between competing inferences. *Windon Third Oil & Gas v. Fed. Deposit Ins.*, 805 F.2d 342, 346 (10th Cir. 1986), *cert. denied*, 480 U.S. 947 (1987).

In this case, plaintiff asserts that defendant has been producing oil from its unit since plaintiff acquired the unit's interest in 2004. Although the unit has been producing oil since plaintiff acquired its interest in 2004, defendant has not made any payments to plaintiff for its share of the production from the unit. Plaintiff, therefore, seeks an order directing defendant to provide an accounting of production, revenues and costs in connection with its unit.

In response, defendant cites to the Plan of Unitization, which governs plaintiff's unit, for the assertion that a lessee is chargable with and obligated to pay or bear all or a portion of the cost of

drilling, developing, producing, and operating the unit. Defendant contends that Unit Agreement also provides that if a lessee fails to pay its share of costs, the operator may receive production revenue attributable to that interest and apply it to the unpaid costs. As applied to plaintiff's unit, defendant asserts that the unit interest acquired by plaintiff had, and has, a cumulative negative balance. Allegedly, plaintiff's interest's share of cumulative unpaid unit expenses has exceeded its payments by over $400,000.00. Moreover, defendant asserts that plaintiff has never made a written request of defendant for an accounting of the unit and concedes that plaintiff's contractual remedy is to audit defendant's records. If plaintiff does make such a written request, defendant asserts that it will respond. In view of defendant's response, the Court denies as moot the issue of an accounting of production, revenues and costs in connection with its unit.

Plaintiff also seeks summary judgment on defendant's counterclaim for an accounting of the proceeds received by plaintiff and its predecessors in interest, as well as of the unit expenses paid by plaintiff and its predecessors in interest. Defendant did not respond to plaintiff's request for summary judgment on this basis. As defendant fails to respond, the Court deems confessed plaintiff's allegation pursuant to Local Civil Rule 7.1(g) such that summary adjudication is proper. Accordingly, the Court grants the motion for summary judgment as to defendant's counterclaim for an accounting.

As the final basis for summary judgment, plaintiff asserts it is entitled to judgment in its favor on defendant's claim for costs incurred by plaintiff's predecessors in interest because a three year statute of limitations is applicable to implied contracts and liabilities created by statute. The instant controversy, however, involves debt created by a written contract rather than created by an implied contract or statute. Furthermore, the Unit Agreement governing plaintiff's interest in the

3

unit appears to expressly create an open account mechanism for the recovery of debts from a defaulted interest such that summary adjudication on this basis is improper.

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion for partial summary judgment as follows:

> 1. The Court DENIES as MOOT the motion for partial summary judgment as to plaintiff's claim for an accounting;
>
> 2. The Court GRANTS the motion for partial summary judgment as to defendant's counterclaim for an accounting; and
>
> 3. The Court DENIES the motion for partial summary judgment as to costs incurred by plaintiff's predecessors in interest.

**IT IS SO ORDERED this 9th day of December, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE