# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

PIONEER EXPLORATION, L.L.C., )
)
        Plaintiff, )
)
vs. )   Case No. CIV-10-71-M
)
NORTHPORT PRODUCTION )
COMPANY, )
)
        Defendant. )

## ORDER

Before the Court is Plaintiff's Motion to Reconsider and Brief in Support [docket no. 39], filed December 16, 2010. On January 5, 2011, defendant filed its response, and on January 11, 2011, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

On September 20, 2010, plaintiff filed a motion for partial summary judgment requesting that defendant, as the operator of plaintiff's oil and gas unit, render an accounting of plaintiff's production, revenue and expenses in connection with the unit. Plaintiff also sought summary adjudication as to defendant's counterclaim for an accounting and its counterclaim for unit expenses incurred by plaintiff's predecessor in interest. On October 11, 2010, defendant filed the same document twice [docket nos. 16 and 17], which document was titled "Defendant's Objection to Plaintiff's Motion for Partial Summary Judgment, Defendant's Motion for Partial Summary Judgment, and Brief in Support." By Order of October 13, 2010, the Court directed that defendant's response be stricken because it was in violation of LCvR 7.1(c), advising that a response to a motion may not also include a motion made by the responding party.

Thereafter, defendant made no effort to refile any response to plaintiff's motion for partial

summary judgment. The Court denied as moot the issue of an accounting of production, revenues and costs in connection with the unit, deemed confessed defendant's counterclaim as to an accounting, and denied defendant's counterclaim for unit expenses incurred by plaintiff's predecessor in interest. Plaintiff now moves the Court to reconsider its December 9, 2010 Order to the extent the Order denied plaintiff's motion for partial summary judgment because the Court cited and relied upon purported facts and arguments set forth in defendant's response. Defendant asserts that "Plaintiff's Motion to Reconsider is in effect a late-filed reply brief to Defendant's Objection to Plaintiff's Motion for Summary Judgment."

"Grounds warranting a motion to [reconsider or vacate judgments] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Turning to the merits of the instant case, the Court finds it must reconsider plaintiff's motion for partial summary judgment in order to correct error because defendant's response was stricken from the record. As defendant failed to respond to plaintiff's motion for partial summary judgment, and plaintiff's arguments are properly supported, the Court deems confessed plaintiff's allegations pursuant to LCvR 7.1(g) such that summary adjudication is proper as to plaintiff's claim for defendant to render an accounting, and defendant's counterclaim for unit expenses incurred by plaintiff's predecessor in interest.

Having met the standard meriting a revision or alteration of the December 9, 2010 Order, the

2

Court GRANTS the motion for reconsideration, GRANTS plaintiff summary judgment as to its claim for an accounting, and GRANTS plaintiff summary judgment as to defendant's counterclaim for unit expenses incurred by plaintiff's predecessor in interest.

**IT IS SO ORDERED this 13th day of January, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE